No. 24-30628
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

CHANDRE' CHANEY
*Plaintiff – Appellant*

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE THROUGH LOUISIANA
STATE UNIVERSITY HEALTH SCIENCES CENTER
*Defendant – Appellees*
_____

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:22-cv-00016
_____

**REPLY BRIEF FILED ON BEHALF OF THE
PLAINTIFF-APPELLANT, CHANDRE' CHANEY**
_____

Respectfully submitted,

J. Arthur Smith, III (#07730)
**SMITH LAW FIRM**
830 North Street
Baton Rouge, L 70802
Telephone: (225) 383-7716
Facsimile: (224) 383-7773
E-mail: jasmith@jarthursmith.com

1

## **TABLE OF CONTENTS**

I.   TABLE OF AUTHORTIIES…………………………………….3

II.  ARGUMENT…………………………………………………....4

III. CERTIFICATE OF COMPLIANCE……………………….… 7

IV.  CERTIFICATE OF SERVICE…………………………….. 7

**I.      TABLE OF AUTHORITIES**

Title VII of the Civil Rights Act of 1964……………………………………….5

## II. ARGUMENT

MAY IT PLEASE THE COURT:

The Defendant seeks to impugn the weight to be given to the testimony of Toya Shanklin-Jackson in this case. In this respect, the Defendant errs. The weight to be given to Ms. Shanklin-Jackson's testimony is a credibility issue for the jury to decide. It is not appropriate for resolution on a motion for summary judgment. Moreover, Ms. Shanklin-Jackson's testimony does not simply state her "belief" that there was no restructuring which led to Dr. Chaney's termination, but in fact, that there was no restructuring and Ms. Shanklin-Jackson knew this as a matter of fact. Ms. Shanklin-Jackson testified at pages 71-72 of her deposition as follows:

> "So when you speak up or have a disagreement with something, it's: Well, we'll find a way to -- okay. We'll find a way to get rid of you. And then we were told, in the management team meeting, that if anyone asks what happened to Chandre', 'We're restructuring.' How are we restructuring in the midst of a pandemic? We were not."

She added at pages 72-73:

> "If anyone asks you; if you hear anything; if your staff -- because, like, for example, I'm a business manager. I supervise my assistant business manager. If you have another program manager, they supervise other staff underneath them. If any of your staff come to you and ask you anything, you are to say, 'we are restructuring.' which was a lie."

She added at page 73:

> "And how can you restructure when a program manager is a key essential position to the grants sponsored by the CDC? We have roles that are non-essen – that are supportive. The program manager is an

> essential role to the function of that grant. So how are you restructuring and eliminate your program manager?"

She further testified that Dr. Chaney's position was not eliminated, she was terminated, Page 75. She testified, at page 74, of her own personal knowledge, that "key essential personnel is your principal investigator/project director, and your program manager; these are key essential roles." She explained, from her own personal knowledge, at page 88 of her deposition, that

> "It says, 'On July 30th, 2020, the CRC staff attended a CDC-hosted webinar for all new grantees which outlined the upcoming program year/grant cycle. Discussed in the webinar was key staff and prior approval for changes was needed for changes in key staff. Prior approval was not submitted nor received by Ms. Shanklin, the LSUHSC-NO Office of Research Services, or the CDC for 'eliminating' the program manager position, nor can the program manager position be eliminated and LSU still receive funding for this grant.'"

Simply labeling a termination as a "restructuring", as the Defendant has sought to do in this case, does not obviate the need for the employer to comply with Title VII.

It bears repeating that the testimony of Ms. Shanklin-Jackson presents a credibility issue which is not appropriate for resolution on a motion for summary judgment. The District Court erred in overlooking or disregarding her testimony. The District Court correctly held that Dr. Chaney presented a prima facie case, and the above-referenced testimony creates a genuine issue of material fact as to pretext.

Respectfully submitted:

         *J. Arthur Smith, III*        
J. Arthur Smith, III (07730)
**SMITH LAW FIRM**
830 North Street
Baton Rouge, LA 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
Email: jasmith@jarthursmith.com

*Counsel for Plaintiff-Appellant*
*Dr. Chandre' Chaney*

## III. **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B)(i) because this brief contains 499 words, excluding the parts of this brief exempted by FED. R. APP. P. 32(f) *or* this brief uses a monospaced typeface and contains an appropriate number of lines of text excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2007 or later in Times New Roman 14 point font or this brief has been prepared in a monospaced typeface.

Baton Rouge, Louisiana, this 29th day of January, 2025.

_____*/s/ J. Arthur Smith, III*_____
J. Arthur Smith, III

## IV. **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of January, 2025, a copy of the foregoing was filed electronically with the Clerk of Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 29th day of January, 2025.

_____*/s/ J. Arthur Smith, III*_____
J. Arthur Smith, III